```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOANNE BAKER,                                               :
                                      Petitioner,           :
                                                            :         14 Civ. 3663 (LGS) (KNF)
            -against-                                       :
                                                            :         OPINION AND ORDER
ERIC T. SCHNEIDERMAN, Attorney General of                   :
the State of New York,                                      :
                                      Respondent.           :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/8/16

LORNA G. SCHOFIELD, District Judge:

Petitioner Joanne Baker brings this petition (the "Petition") for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging her convictions upon her guilty plea for third-degree grand larceny and third-degree insurance fraud. This case was referred to the Honorable Kevin Nathaniel Fox for a report and recommendation (the "Report"). The Report, filed on September 8, 2015, recommends that the writ be denied. Petitioner submitted Objections to the Report (the "Objections"). For the following reasons the Report is adopted, and the Petition is denied.

I.   LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

A district court must make a de novo review of any portion of a report to which a specific objection is made on issues raised before the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015).  When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error.  *Diaz v. City Univ. of N.Y.*, No. 13 Civ. 2038, 2015 WL 5577905, at *7 (S.D.N.Y. Sept. 22, 2015).  Even when exercising de novo review, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections . . . ."  *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006).

Habeas relief under § 2254 may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).  State court factual findings "shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  *Id.* § 2254(e)(1).

## II.     DISCUSSION

The Objections assert that the Report erred for two reasons.[1]  First, the Objections argue that Judge Fox incorrectly excluded Petitioner's submissions filed January 15, 2015 (the "January 2015 Submissions").  Second, the Objections assert that the transcript "fully indicate[s]" that Petitioner's plea was coerced by the state court.  These arguments are meritless.

With respect to the first objection, even if the January 2015 Submissions had been considered, they would not alter the decision to deny the Petition since they do not raise

---

[1]     The facts and procedural history are set out in the Report.

meritorious arguments.  The gravamen of the January 2015 Submissions' argument is that Petitioner's plea was coerced -- an argument considered and rejected by the Report.

With respect to the second objection, the Report correctly concludes that Petitioner had not met her burden of showing that she is entitled to habeas relief.  A guilty plea must be a "voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).  Here, the Second Department found that Petitioner "was not coerced into pleading guilty by being forced to choose between admitting guilt and remaining free, or maintaining innocence and going to jail" because she "could have maintained her innocence and remained free on bail by choosing to proceed to trial." *People v. Baker*, 960 N.Y.S.2d 511, 512 (2d Dep't 2013).  The record amply supports the state court's finding and shows that Petitioner knew the nature and consequences of her guilty plea and that she was provided with an opportunity to discuss her options with her attorneys.  Petitioner's plea was therefore knowing and voluntary.  Petitioner has not shown that a contrary finding is warranted by clear and convincing evidence.  The Second Department's affirmance of Petitioner's conviction was also not contrary to, nor did it involve an unreasonable application of, clearly established federal law.  Accordingly, Petitioner is not entitled to habeas relief.

### III.   CONCLUSION

For the reasons stated above, the Report is ADOPTED, and the petition for a writ of habeas corpus is DENIED.  As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c)(2); *Hoffler v. Bezio*, 726 F.3d 144, 154 (2d Cir. 2013).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion would not be taken in good faith, and therefore in

forma pauperis status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

      The Clerk of Court is directed to close this case.

Dated:  March 8, 2016
         New York, New York

                                                      **LORNA G. SCHOFIELD**
                                                    **UNITED STATES DISTRICT JUDGE**